# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PAMELA ANN GORDON | § | |
| | § | |
| V. | § | CASE NO. 4:09cv524 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Supplemental Security Income ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 21, 2007, claiming entitlement to disability benefits due to severe asthma, migraine headaches, obesity, and back pain. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on September 10, 2008. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Tammie C. Donaldson, testified.

On December 23, 2008, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on August 19, 2009. Therefore, the December 23, 2008 decision of the ALJ became the final decision of the

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981

(2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ

made the following findings:

1.      The claimant met the insured status requirements of the Social Security
        Act through March 31, 2007.

2.      The claimant has not engaged in substantial gainful activity since January
        20, 2007, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*., and
        416.971 *et seq*.).

3.      The claimant has the following severe impairments: asthma, migraine
        headaches, obesity, and back pain (20 C.F.R. §§ 404.1521 *et seq*. and
        416.921 *et seq*.).

4.      The claimant does not have an impairment or combination of impairments that
        meets or medically equals one of the listed impairments in 20 C.F.R. Part 404,
        Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 416.925, 416.926).

5.      I find that the claimant has the residual functional capacity to perform the
        full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and
        416.967(b).

6.      The claimant is capable of performing her past relevant work as an
        assisted living/nursing home nurse technician/aide. This work does not
        require the performance of work-related activities precluded by the
        claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and
        416.965).

7.      The claimant has not been under a disability, as defined in the Social
        Security Act, from January 20, 2007 through March 31, 2007 with respect
        to her Title II claim and through the date of this decision under her Title
        XVI claim (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(T.R. 14-18).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff complains that the ALJ did not properly consider her mental impairments. She points out that the evidence shows she took Lexapro, and, on at least two records or more, there is a note of her depression in a recitation of past medical history. The ALJ noted that the medical records did not contain observations that Plaintiff suffered from depression. Psychiatric signs are specific "abnormalities fo behavior, mood, thought etc.,..which must be shown by observable facts that can be medically described and evaluated." *See* 20 C.F.R. §§ 404.1528(b), 416.928(b). She is asked whether she has mental or emotional problems that limit what she can do and whether she has received treatment for emotional or mental problems. Both answers are No (T.R. 237). Since Plaintiff did not mention this condition in her original request, failed to seek treatment for depression, and did not bring this up at the hearing when represented by counsel, the Court finds that Plaintiff has no legal basis for faulting or second guessing the ALJ. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Failure to seek treatment for depression is an indication of nondisability. *See Villa v. Sullivan*, 895 F.2d 1019,1024 (5th Cir. 1990). There is just no indication that she ever sought treatment for depression or that depression limits her ability to function or work.

Next, Plaintiff clams that the ALJ does not discuss Plaintiff's claims of stroke or Transient Ischemic Attacks. However, her treating doctors downplayed her claim as to suffering from a stroke (T.R. 41). In fact, Dr. Williamson notes that her ability to see, hear, speak and communicate does not appear to be impaired (T.R. 721). Radiological studies of the brain indicated no acute ischemia and were essentially normal (T.R.736-39). The ALJ was not required to comment on a condition that either was not prevalent or in no way limiting on Plaintiff's ability to work. Not discussing her

5

TIA was harmless in that she can show no prejudice. It is well-established that "procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362,1364 (5th Cir. 1988).

Plaintiff's last point of error is that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician. The ALJ considered Dr. Klein's opinion but did not accord it controlling evidentiary weight. The ALJ gave his reasons for doing so. Primarily, the ALJ noted that Dr. Klein's and Dr. Williamson's records did not demonstrate that Plaintiff was so limited that she could not function. Plaintiff points to the one-page assessment filled out by Dr. Klein which says she cannot work an eight-hour day at any level. However, as the ALJ points out, the records do not substantiate this conclusion. In fact, Dr. Williamson, who examined Plaintiff, notes that her gait is normal, her upper extremity function is normal, her sensory perception is normal, and her activity was not inhibited by shortness of breath. Although he noted that prolonged bending might be a problem, there is simply no evidence that she is excluded from her RFC which the ALJ found to be light work.

The ALJ is entitled to determine the credibility of medical experts and to weigh their opinions accordingly. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). The opinion of a treating source is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. *See Spellman v. Shalala*, 1 F.3d 357, 364-65 (5th Cir. 1993). And, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). Here, the ALJ exercised his role in reviewing all the medical evidence and it is his responsibility, not that of this Court, to resolve conflicts in the evidence.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 26th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE